Attorneys— ? ? ? ? ? ?

## No. 527
### ARMLEDER CO. v. BIEDERMAN

No. 18748. Ohio Supreme Court

Pending on motion of plaintiff to require Hamilton Appeals to certify record. Docketed Arr~ 8, 1924; 2 Abs. 498.

### 267. CONTRACTS—Termination of.

The statement of this case made by plaintiff in error, shows that it is a case for damages for breach of contract, and the questions sought to have considered by the Supreme court are as follows:

1. When may a written contract be said to be ambiguous, and what is the trial court's duty in the premises?

2. When may a contract be said to be "a contract terminable at will?" What are the rights of parties to such a contract? Must the parties thereto consent to terminate or is notice by one party to the other sufficient?

3. Is it not prejudicial for court in its general charge to destroy the legal effect of a special charge?

4. The jury was misled by the court's ruling on evidence and a different verdict would have been returned had the rulings been proper. There was no evidence to justify the verdict.

Biederman sued the Armleder Co. in Hamilton Common Pleas for services and the use of patent rights under contract therefor, and recovered a judgment, to reverse which error is herein prosecuted.

The Armleder Co. was in the wagon manufacturing business, and decided to enter the automobile business, and made an arrangement with Biederman, an inventor, who went to work for it under contract by which he was to receive a salary and royalty. The employment began in 1909, and continued until 1920, but in 1913 the contract was abrogated and a new contract entered into, which is sued upon in this action. The Armleder Co. set up three defenses, action of which were as follows:

1. The contract was obtained by fraudulent representations it being claimed that it is shown by the first paragraph of the contract that Biederman represented he had certain patents which the company now claims he did not have.

2. That the contract, being one "terminable at will," was so terminated and cancelled by the Armleder Co. on July 1, 1915

3. That there was a complete failure of consideration.

The plaintiff claims that four questions are raised, as follows:

1. The fourth paragraph of the contract was ambiguous. The ambiguity could not be removed by reading the contract. The duty of the court in the premises was to submit this to the jury to determine whether Biederman had to produce patentable ideas or patents to receive compensation.

2. That this contract was indefinite in time and duration, and at its option have terminated

or cancelled the contract by simply giving notice to the other party of its intention so to do; that consent of the other party is not necessary, and after termination the parties cannot go on under the contract and pile up damages against each other.

3. The court gave two special charges of the defendant, but defined in the general charge words used in the special charges incorrectly and thus destroyed the effect of the special charges, as shown by the jury's answer to interrogatory No. 2, and greatly prejudiced the Armleder Co.

4. The jury was misled by the court's ruling on evidence, and had proper rulings been given they would necessarily have had to find for the Armleder Co. There is no evidence to justify the verdict rendered.

The Court of Appeals found that the jury was justified in returning the verdict that it did.

Attorneys—Peck, Shaffer & Williams, for plaintiff; Foome Morris, for defendant; all of Cincinnati.